Receipt Number
56 6 805

21

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN
Southern Division

| | |
|---|---|
| **Lynn Graves,**<br><br>    Plaintiff,<br><br>v.<br><br>**GC Services Limited Partnership -**<br>**Delaware,**<br><br>    Defendant. | Case: 5:08-cv-10394<br>Judge: O'Meara, John Corbett<br>Referral MJ: Whalen, R. Steven<br>Filed: 01-28-2008 At 03:58 PM<br>REM: GRAVES V. GC SVC LP (NH)<br><br>46th Judicial District Case No. GC-08-0233<br>Hon. Susan M. Moiseev<br><br>**PETITION FOR REMOVAL** |
| Brian P. Parker (P48617)<br>LAW OFFICES OF BRIAN P. PARKER, PC<br>**Attorney for Plaintiff**<br>30700 Telegraph Road, Suite 1580<br>Bingham Farms  MI  48025<br>(248) 642-6268<br>(248) 642-8875 (Facsimile)<br>lemonlaw@ameritech.net | Michael J. Hodge (P25146)<br>Scott R. Eldridge (P66452)<br>MILLER, CANFIELD, PADDOCK AND<br>STONE, P.L.C.<br>**Attorneys for Defendant GC Services LP**<br>One Michigan Avenue, Suite 900<br>Lansing, MI  48933<br>(517) 487-2070<br>email: hodge@millercanfield.com<br>email: eldridge@millercanfield.com |

## PETITION FOR REMOVAL

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Removing Party, Defendant GC Services, L.P. ("GC Service"), by and through its

attorneys, MILLER, CANFIELD, PADDOCK and STONE, P.L.C., respectfully states as

follows:

1.    That the removing party is a Defendant in the above-entitled action.

2.    That on or about January 16, 2008, a lawsuit was commenced in the 46th Judicial

District Court, State of Michigan, bearing Case No. GC-08-0233 ("State Court

Action"). The State Court Action is currently pending in the 46th Judicial District Court.

3.    That on January 16, 2008, the removing party was served, via process server, with a Summons and Complaint at the offices of its Resident Agent, The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan. Attached please find a copy of the Summons, Complaint, and Notice of Service Upon Resident Agent, which are marked as Exhibits A, B, and C, respectively.

4.    That the above-entitled action is a civil suit for damages, in part, under the federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.*, as more fully appears in the copy of the Complaint, which is attached as Exhibit B. *See ¶¶26-40.*

5.    That the above-entitled action also includes two state law claims allegedly arising out of the same transaction or occurrences: (1) on count alleging violations of MCL 445.251 *et seq* (Michigan Collection Practices Act), *see ¶¶42-48 of the Complaint*; and (2) one count alleging violations of MCL 339.915 (Michigan's Occupational Code), *see ¶49 of the Complaint.*

6.    That copies of all process, pleadings, and orders served on the removing party in the above-entitled action are attached hereto as Exhibits A and B, pursuant to 28 U.S.C. § 1446(a).

7.    That this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331, and removal of the action to this Court is proper pursuant to 28 U.S.C. 1441(b) and 28 U.S.C. § 1446.

8.    That this Petition is timely, having been filed with this Court within thirty (30) days after receipt by Defendant of the Summons and Complaint, pursuant to 28

U.S.C. § 1446(b).   No further proceedings have occurred in the State Court Action.

9.      That this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367.   See *City of Chicago v International College of Surgeons*, 522 U.S. 156, 167-172; 118 S.Ct. 523; 139 L.Ed. 2d 525 (1997).

10.     That the United States District Court for the Eastern District of Michigan is the federal district court having jurisdiction over the place where the State Court action is pending.

11.     A true and correct copy of this Petition has been sent to the Clerk of the 46th Judicial District Court, State of Michigan, for filing as provided by law.

Wherefore, removing party, GC Services, give notice of removal of the State Court Action to the United States District Court for the Eastern District of Michigan, and requests that all future proceedings be held in this Court.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
**Attorneys for Defendant GC Services LP**

By: _____
        Michael J. Hodge (P25146)
        Scott R. Eldridge (P66452)
One Michigan Avenue, Suite 900
Lansing, MI  48933
(517) 487-2070
email: hodge@millercanfield.com
email: eldridge@millercanfield.com

Date: January 25, 2008

LALIB:157281.1\031578-00039
01/24/08

-3-

**EXHIBIT A**

| Original - Court | 1st copy - Defendant | 2nd copy - Plaintiff | 3rd copy - Return |
|---|---|---|---|

| STATE OF MICHIGAN 46th JUDICIAL DISTRICT | SUMMONS AND COMPLAINT | GC 08 02 CASE NO. HON.  SUSAN  MOISEEV 08          GC |
|---|---|---|

Court Address
26000 Evergreen Road, P.O. Box 2055, Southfield, MI 48076

Court telephone no.
(248) 796-5800

| Plaintiff name(s), address(es) and telephone no(s). LYNN M. GRAVES | v | Defendant name(s), address(es), and telephone no(s). GC SERVICES LIMITED PARTNERSHIP- DELAWARE RA: The Corporation Company, Suite 2345 Bingham Farms, MI 48025 |
|---|---|---|
| Plaintiff attorney, bar no., address, and telephone no. LAW OFFICES OF BRIAN P. PARKER, P.C. BRIAN P. PARKER  (P-48617) 30700 Telegraph Road, Suite 1580 Bingham Farms, MI 48025 (248) 642-6268 | | |

**NOTICE TO THE DEFENDANT:**  In the name of the people of the State of Michigan, you are notified:

1.  You are being sued.

2.  YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).

3.  If you do not answer or take other action within the time allowed, judgment may be entered against you for the     relief demanded in the complaint.

| Issued 1/16/08 | This summons expires: 4/16/08 | Court clerk DONNA  BEAUDET   /ATTORNEY TO SERVE |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.

xx_  There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the Complaint.

_ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in_____.   The docket number and assigned judge are:

(Name of court)

| Docket no. | Judge |
|---|---|
| | |

This action  _ remains  _ is no longer   pending.

| VENUE | |
|---|---|
| Plaintiff(s) residence (include city, township, or village) See attached Complaint | Defendant(s) residence (include city, township, or village) See attached Complaint |
| Place where action arose or business conducted See attached  Complaint | |

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

January 16, 2008
Date

BRIAN P. PARKER (P48617)
Attorney for Plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES.  EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements.

MC 01 (6/96) SUMMONS AND COMPLAINT

MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a),(b)

# EXHIBIT B

## STATE OF MICHIGAN
## IN THE 46TH JUDICIAL DISTRICT COURT

**LYNN M. GRAVES,**

               **Plaintiff,**

-vs-                                              **Case No. 08-**       **-GC**
                                                    **HON.**

**GC SERVICES LIMITED PARTNERSHIP-DELAWARE,**

               **Defendant.**

_____/

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (P 48617)
Attorney for Plaintiff
30700 Telegraph Rd., Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
lemonlaw@ameritech.net
WWW.COLLECTIONSTOPPER.COM
_____/

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, **LYNN GRAVES,** (Plaintiff) by and through counsel, brings this action against

the above listed Defendant, **GC SERVICES LIMITED PARTNERSHIP-DELAWARE,**

(Defendant) on the grounds and in the amounts set forth herein:

## I. PRELIMINARY STATEMENT

The plaintiff brings this action for damages based upon the Defendant's violations of the

Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq,* and seeks actual damages,

punitive damages, costs and attorney's fees.

## II. PARTIES

1.

The plaintiff is a natural person and consumer, a resident of New Baltimore, Macomb County, Michigan, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

2.

The defendant is a Foreign Limited Partnership with its registered agent located in Bingham Farms, Oakland County, Michigan.

3.

The defendant is engaged in the collection of debts from consumers using the mail and telephone. The defendants regularly attempt to collect consumer debts alleged to be due another and is a "debt collector" as provided in 15 U.S.C. § 1692a(6).

## III. JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. § 1692 *et seq*. The venue is proper in any court of competent jurisdiction under 15 U.S.C. § 1692k(d). The court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts that give rise to any federal law claims under 28 U.S.C. § 1367.

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

### 6.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

### 7.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

### 8.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

9.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

10.

A debt collector may not violate the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

11.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

12.

The Michigan Collection Practices Act (MCPA), MCLA 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

13.

A "Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. MCLA 445.251 (1) (b).

14.

A "Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt. MCLA 445.251 (1)(d).

15.

Prohibited acts by debt collectors or collection agencies under MCLA 445.252 include:

(a) Communicating with a debtor in a misleading or deceptive manner, such as using the stationery of an attorney or credit bureau unless the regulated person is an attorney or is a credit bureau and it is disclosed that it is the collection department of the credit bureau.

(b) Using forms or instruments which simulate the appearance of judicial process.

(d) Using forms that may otherwise induce the belief that they have judicial or official sanction.

(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt.

(f) Misrepresenting in a communication with a debtor 1 or more of the following:

    (i) The legal status of a legal action being taken or threatened.

    (ii) The legal rights of the creditor or debtor.

    (iii) That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property.

(i) Communicating information relating to a debtor's indebtedness to an employer or

an employer's agent unless the communication is specifically authorized in writing by t he

debtor subsequent to the forwarding of the claim for collection, the communication is in

response to an inquiry initiated by the debtor's employer or the employer's agent, or the

communication is for the purpose of acquiring location information about the debtor.

(q) Failing to implement a procedure designed to prevent a violation by an employee.

(s) Employing a person required to be licensed under article 9 of Act No. 299 of the

Public Acts of 1980, being sections 339.901 to 339.916 of the Michigan Compiled Laws,

to collect a claim unless that person is licensed under article 9 of Act No. 299 of the

Public Acts of 1980.

(n) Using a harassing, oppressive, or abusive method to collect a debt.

16.

Under The Michigan Collection Practices Act, MCLA 445.257 et seq.(1) A person who

suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or

practice in violation of this act may bring an action for damages or other equitable relief.(2) In an

action brought pursuant to subsection (1), if the court finds for the petitioner, recovery shall be in

the amount of actual damages or $50.00, whichever is greater. If the court finds that the method, act,

or practice was a wilful violation, the court may assess a civil fine of not less than 3 times the actual

damages, or $150.00, whichever is greater, and shall award reasonable attorney's fees and court costs

incurred in connection with the action.

# V. FACTUAL ALLEGATIONS

### 17.

Plaintiff is receiving numerous calls from Defendant in regards to the collection of an alleged debt.

### 18.

Plaintiff has repeatedly asked Defendant to stop calling her, however, Defendant continues to call Plaintiff nearly every day.

### 19.

Defendant has threatened Plaintiff with a lawsuit, and to date, no such lawsuit has been filed.

### 20.

Plaintiff has received telephone calls from Defendant as late as 10:00 p.m., in violation of the FDCPA.

### 21.

Defendant has failed to properly identify themselves in their conversations with Plaintiff.

### 22.

Defendant told Plaintiff that there is a lawsuit against him, when in fact there is not.

### 23.

Plaintiff has not received anything in writing from Defendant, in violation of the FDCPA.

### 24.

Defendant has failed to state in every conversation that they are a debt collector, as required by the FDCPA.

25.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA and MCPA.

## VI. CAUSES OF ACTION

### CLAIM AGAINST DEFENDANT UNDER THE FDCPA

26.

The defendant has violated the FDCPA, 15 U.S.C. § 1692e (10) by the use of false representations and deceptive means in pursuing Plaintiff for a debt that was not validated.

27.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g by failing to alert Plaintiff as to the 30-day validation notice rights of the Plaintiff in the initial communication and by failing to provide Plaintiff with a written notice within five days after its initial communication.

28.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

29.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number.

30.

Defendant has violated the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

31.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(1) by communicating with the consumer at any unusual time or place known or which should be known to be inconvenient to the consumer, including calling the consumer after 9:00 p.m.

32.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount or legal status of any debt.

33.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(11) by failing to disclose in the initial communication that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose and the failure to disclose in subsequent communications that the communication is from a debt collector.

34.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(1) by not providing the consumer with the amount of the debt.

35.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(2) by not providing the consumer with the name of the creditor to whom the debt is owed.

36.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(3) by failing to provide Plaintiff within five days of the initial communication with a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

37.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(4) by failing to provide Plaintiff within five days of the initial communication with a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

38.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

39.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity.

40.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(2) by using language the natural consequence of which is to abuse the hearer.

41.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual,

emotional and financial damages and also seeks his attorney fees and costs under the FDCPA.

## CLAIM AGAINST DEFENDANT UNDER THE MCPA
## AND THE MICHIGAN OCCUPATIONAL CODE

42.

Defendant has violated MCLA 445.252 (a) with the use of false representations and

deceptive means in its contact of Plaintiff.

43.

Defendant has violated MCLA 445.252(n) by using a harassing, oppressive or abusive

method to collect on a debt, including calling the consumer after 9:00 p.m.

44.

Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed

to prevent a violation by an employee.

45.

Defendant has violated MCLA 445.252(e) by making an inaccurate, misleading, untrue or

deceptive statement or claim in a communication to collect a debt.

46.

Defendant has violated MCLA 445.252(f)(i)by misrepresenting the legal status of a legal

action being taken or threatened.

47.

Defendant has violated MCLA 445.252(f)(ii) by misrepresenting the legal rights of the

debtor.

48.

Defendant has violated MCLA 445.252(g) by communicating with a debtor without accurately disclosing the caller's identity.

49.

Defendant's foregoing acts in attempting to collect this alleged debt against the Plaintiff constitute violations of the Occupational Code, M.C.L. § 339.915 including but not limited to the following:

a.      (n) Using a harassing, oppressive or abusive method to collect a debt, including calling the consumer after 9:00 p.m.

b.      (q) By failing to implement a procedure designed to prevent a violation by an employee.

c.      (a) By communicating with a debtor in a misleading or deceptive manner.

d.      (e) By making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt.

e.      (f)(i)By misrepresenting the legal status of a legal action being taken or threatened.

f.      (f)(ii) By misrepresenting the legal rights of the debtor.

g.      (g) By communicating with a debtor without accurately disclosing the caller's identity.

50.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the MCPA and the Michigan Occupational Code.

51.

Under MCLA 445.257 et seq., Plaintiff is eligible for equitable relief, triple damages and his attorney fees and costs. and further statutory damages under the act.

52.

As a result of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 13 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant:

1. For compensatory damages;
2. For statutory damages;
3. For punitive damages;
4. For attorneys' fees and costs incurred in this action;
5. For Triple Damages under the MCPA, and
6. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This 16th day of January, 2008

Respectfully submitted,

_____
BRIAN P. PARKER (P48617)
Attorney for Plaintiff

# EXHIBIT C

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
01/16/2008
CT Log Number 512986661

**TO:**   JOSEPH VANNEST
G C Services Corp.
6330 Gulfton St
Houston, TX 77081

**RE:**   **Process Served in Michigan**

**FOR:**   GC Services Limited Partnership (Domestic State: DE)

RECEIVED

JAN 1 8 2008

LAW DEPT

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Lynn M. Graves, Pltf. vs. GC Services Limited Partnership , etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint and Jury Demand |
| **COURT/AGENCY:** | 46th District Court, Oakland County, MI<br>Case # GC08232 |
| **NATURE OF ACTION:** | Violation of the Fair Debt Collection Practices Act - Defendant used deceptive means and representations to collect a debt |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Bingham Farms, MI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/16/2008 at 12:53 |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days |
| **ATTORNEY(S) / SENDER(S):** | Brian P. Parker<br>Law Offices of Brian P. Parker, P.C.<br>30700 Telegraph Road, Suite 1580<br>Bingham Farms, MI 48025<br>248-642-6268 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 791478449276<br>Email Notification, JOSEPH VANNEST JOE.VANNEST@GCSERV.COM |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | The Corporation Company<br>Stephanie Hendrickson<br>30600 Telegraph Road<br>Suite 2345<br>Bingham Farms, MI 48025-5720 |
| **TELEPHONE:** | 248-646-9033 |

Page 1 of  1 / TB

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
Southern Division

| | |
|---|---|
| **Lynn Graves,**<br><br>         Plaintiff,<br><br>v.<br><br>**GC Services Limited Partnership -**<br>**Delaware,**<br><br>         Defendant. | Case: 5:08-cv-10394<br>Judge: O'Meara, John Corbett<br>Referral MJ: Whalen, R. Steven<br>Filed: 01-28-2008 At 03:58 PM<br>REM: GRAVES V. GC SVC LP (NH)<br><br>46th Judicial District Case No. GC-08-0233<br>Hon. Susan M. Moiseev<br><br>**CERTIFICATE OF SERVICE** |
| Brian P. Parker (P48617)<br>LAW OFFICES OF BRIAN P. PARKER, PC<br>**Attorney for Plaintiff**<br>30700 Telegraph Road, Suite 1580<br>Bingham Farms  MI  48025<br>(248) 642-6268<br>(248) 642-8875 (Facsimile)<br>lemonlaw@ameritech.net | Michael J. Hodge (P25146)<br>Scott R. Eldridge (P66452)<br>MILLER, CANFIELD, PADDOCK AND<br>STONE, P.L.C.<br>**Attorneys for Defendant GC Services LP**<br>One Michigan Avenue, Suite 900<br>Lansing, MI  48933<br>(517) 487-2070<br>email: hodge@millercanfield.com<br>email: eldridge@millercanfield.com |

## CERTIFICATE OF SERVICE

Rhonda R. Miller, being first duly sworn, hereby certifies that she did serve a copy of the following, upon counsel of record, at the above address, VIA FIRST CLASS MAIL; as well as the 46th Judicial District Court, at 26000 Evergreen Road, Southfield, Michigan 48076:

- Notice of Filing of Petition to Remove to United States District Court;
- Civil Cover Sheet; and Petition for Removal

MILLER, CANFIELD, PADDOCK AND STONE,
P.L.C.

Rhonda R. Miller

Dated: January 25, 2008

LALIB:157298.1\031578-00039

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| LYNN M. GRAVES | GC SERVICES LIMITED PARTNERSHIP - DELAWARE |

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Brian P. Parker (P48617) 30700 Telegraph Road, #1580, Bingham Farms, MI 48025 (248) 642-6268

Attorneys (If Known)
Michael J. Hodge (P25146), Scott R. Eldridge (P66452), One MIchigan Ave., #900, Lansing, MI 48933 (517) 487-2070

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)  and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

Case: 5:08-cv-10394
Judge: O'Meara, John Corbett
Referral MJ: Whalen, R. Steven
Filed: 01-28-2008 At 03:58 PM
REM: GRAVES V. GC SVC LP (NH)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### FORFEITURE
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainee
☐ 465 Other Immigration Actions

☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☒ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1692

Brief description of cause:
Allegations of violations of federal Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE
01/25/2008

SIGNATURE OF ATTORNEY OF RECORD
*Scott Eldridge*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?          ☐ Yes
                                                                       ☐ No
If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.        Other than stated above, are there any pending or previously
          discontinued or dismissed companion cases in this or any other     ☐ Yes
          court, including state court? (Companion cases are matters in which  ☐ No
          it appears substantially similar evidence will be offered or the same
          or related parties are present and the cases arise out of the same
          transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :
_____