# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**LYNN M. GRAVES,**

**Plaintiff,**

-vs-
                                   **Case No. 08-10394**

                                   **HON. John Corbett O'Meara**

**GC SERVICES LIMITED PARTNERSHIP-DELAWARE,**

                    **Defendant.**

_____/

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (P 48617)
Attorney for Plaintiff
30700 Telegraph Rd., Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
lemonlaw@ameritech.net
WWW.COLLECTIONSTOPPER.COM

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY

Plaintiff, **LYNN M. GRAVES** (Plaintiff) by and through counsel, brings this Amended

Action under FRCP 15 against the above listed Defendant, **GC SERVICES LIMITED**

**PARTNERSHIP-DELAWARE,** (Defendant) on the grounds and in the amounts set forth

herein:

## I. PRELIMINARY STATEMENT

The plaintiff brings this action for damages based upon the Defendant's violations of the

Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq,* and seeks actual damages,

punitive damages, costs and attorney's fees.

## II. PARTIES

1.

The plaintiff is a natural person and consumer, a resident of New Baltimore, Macomb County, Michigan, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

2.

The defendant is a Foreign Limited Partnership with its registered agent located in Bingham Farms, Oakland County, Michigan.

3.

The defendant is engaged in the collection of debts from consumers using the mail and telephone. The defendants regularly attempt to collect consumer debts alleged to be due another and is a "debt collector" as provided in 15 U.S.C. § 1692a(6).

## III. JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. § 1692 *et seq*. The venue is proper in any court of competent jurisdiction under 15 U.S.C. § 1692k(d). The court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts that give rise to any federal law claims under 28 U.S.C. § 1367.

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

6.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

7.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

8.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

9.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

10.

A debt collector may not violate the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

11.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

12.

The Michigan Collection Practices Act (MCPA), MCLA 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

13.

A "Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. MCLA 445.251 (1) (b).

14.

A "Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt. MCLA 445.251 (1)(d).

15.

Prohibited acts by debt collectors or collection agencies under MCLA 445.252 include:

(a) Communicating with a debtor in a misleading or deceptive manner, such as using the stationery of an attorney or credit bureau unless the regulated person is an attorney or is a credit bureau and it is disclosed that it is the collection department of the credit bureau.

(b) Using forms or instruments which simulate the appearance of judicial process.

(d) Using forms that may otherwise induce the belief that they have judicial or official sanction.

(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt.

(f) Misrepresenting in a communication with a debtor 1 or more of the following:

(i) The legal status of a legal action being taken or threatened.

(ii) The legal rights of the creditor or debtor.

(iii) That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property.

(i) Communicating information relating to a debtor's indebtedness to an employer or

an employer's agent unless the communication is specifically authorized in writing by t he

debtor subsequent to the forwarding of the claim for collection, the communication is in

response to an inquiry initiated by the debtor's employer or the employer's agent, or the

communication is for the purpose of acquiring location information about the debtor.

(q) Failing to implement a procedure designed to prevent a violation by an employee.

(s) Employing a person required to be licensed under article 9 of Act No. 299 of the

Public Acts of 1980, being sections 339.901 to 339.916 of the Michigan Compiled Laws,

to collect a claim unless that person is licensed under article 9 of Act No. 299 of the

Public Acts of 1980.

(n) Using a harassing, oppressive, or abusive method to collect a debt.

16.

Under The Michigan Collection Practices Act, MCLA 445.257 et seq.(1) A person who

suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or

practice in violation of this act may bring an action for damages or other equitable relief.(2) In an

action brought pursuant to subsection (1), if the court finds for the petitioner, recovery shall be in

the amount of actual damages or $50.00, whichever is greater. If the court finds that the method, act,

or practice was a wilful violation, the court may assess a civil fine of not less than 3 times the actual

damages, or $150.00, whichever is greater, and shall award reasonable attorney's fees and court costs

incurred in connection with the action.

## V. FACTUAL ALLEGATIONS

### 17.

Plaintiff was receiving numerous calls from Defendant in regards to the collection of an alleged debt from January, 2008 until February, 2008 from 8:00 a.m. until 9:00 p.m. repeatedly.

### 18.

This debt derives from a personal debt that Plaintiff had with a Capital One credit card that she received over a year ago. The original amount of the debt was about $300.00.

### 19.

Plaintiff has repeatedly asked Defendant to stop calling her, however, Defendant continues to call Plaintiff nearly every day.

### 20.

Defendant has threatened Plaintiff with a lawsuit, and to date, no such lawsuit has been filed.

### 21.

Defendant failed to state in every conversation that they are a debt collector. **Please see attached Exhibit No. 1.**

### 22.

Defendant told Plaintiff that there is a lawsuit against her, when in fact there is not.

### 23.

Plaintiff has not received anything in writing from Defendant, in violation of the FDCPA.

### 24.

Defendant has failed to state in every conversation that they are a debt collector, as required by the FDCPA.

25.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA and MCPA.

## VI. CAUSES OF ACTION

### CLAIM AGAINST DEFENDANT UNDER THE FDCPA

26.

The defendant has violated the FDCPA, 15 U.S.C. § 1692e (10) by the use of false representations and deceptive means in pursuing Plaintiff for a debt that was not validated.

27.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g by failing to alert Plaintiff as to the 30-day validation notice rights of the Plaintiff in the initial communication and by failing to provide Plaintiff with a written notice within five days after its initial communication.

28.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

29.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number.

30.

Defendant has violated the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

31.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount or legal status of any debt.

32.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(11) by failing to disclose in the initial communication that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose and the failure to disclose in subsequent communications that the communication is from a debt collector.

33.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(1) by not providing the consumer with the amount of the debt.

34.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(2) by not providing the consumer with the name of the creditor to whom the debt is owed.

35.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(3) by failing to provide Plaintiff within five days of the initial communication with a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

36.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(4) by failing to provide Plaintiff within five days of the initial communication with a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

37.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

38.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity.

39.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(2) by using language the natural consequence of which is to abuse the hearer.

40.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA.

## CLAIM AGAINST DEFENDANT UNDER THE MCPA
## AND THE MICHIGAN OCCUPATIONAL CODE

41.

Defendant has violated MCLA 445.252 (a) with the use of false representations and deceptive means in its contact of Plaintiff.

42.

Defendant has violated MCLA 445.252(n) by using a harassing, oppressive or abusive method to collect on a debt.

43.

Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

44.

Defendant has violated MCLA 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt.

45.

Defendant has violated MCLA 445.252(f)(i)by misrepresenting the legal status of a legal action being taken or threatened.

46.

Defendant has violated MCLA 445.252(f)(ii) by misrepresenting the legal rights of the debtor.

47.

Defendant has violated MCLA 445.252(g) by communicating with a debtor without accurately disclosing the caller's identity.

48.

Defendant's foregoing acts in attempting to collect this alleged debt against the Plaintiff constitute violations of the Occupational Code, M.C.L. § 339.915 including but not limited to the following:

a.      (n) Using a harassing, oppressive or abusive method to collect a debt.

b.      (q) By failing to implement a procedure designed to prevent a violation by an employee.

c.      (a) By communicating with a debtor in a misleading or deceptive manner.

d.      (e) By making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt.

e.      (f)(i)By misrepresenting the legal status of a legal action being taken or threatened.

f.      (f)(ii) By misrepresenting the legal rights of the debtor.

g.      (g) By communicating with a debtor without accurately disclosing the caller's identity.

49.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the MCPA and the Michigan Occupational Code.

50.

Under MCLA 445.257 et seq., Plaintiff is eligible for equitable relief, triple damages and his attorney fees and costs. and further statutory damages under the act.

51.

As a result of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel

has been an attorney in good standing for almost 13 years and has handled thousands of

consumer cases, personally. Counsel is known in his field of a consumer advocate and a

competent, experienced consumer trial attorney. As a result, counsel's time is billed at the

reasonable rate of $350.00 an hour.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the

Defendant:

1. For compensatory damages;
2. For statutory damages;
3. For punitive damages;
4. For attorneys' fees and costs incurred in this action;
5. For Triple Damages under the MCPA, and
6. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This 6th day of March, 2008

Respectfully submitted,

s/Brian P. Parker
BRIAN P. PARKER (P48617)
Attorney for Plaintiff
30700 Telegraph Road, Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
lemonlaw@ameritech.net