UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
Southern Division

| | |
|---|---|
| **LYNN M. GRAVES,**<br><br>     Plaintiff,<br><br>v.<br><br>**GC SERVICES LIMITED PARTNERSHIP-DELAWARE**<br><br>     Defendant. | Case No. 08-10394<br>Hon. John Corbett O'Meara<br><br>**DEFENDANT GC SERVICES LP'S ANSWER TO AMENDED COMPLAINT WITH AFFIRMATIVE AND OTHER DEFENSES** |
| Brian P. Parker (P48617)<br>LAW OFFICES OF BRIAN P. PARKER, PC<br>**Attorney for Plaintiff**<br>30700 Telegraph Road, Suite 1580<br>Bingham Farms  MI  48025<br>(248) 642-6268<br>(248) 642-8875 (Facsimile)<br>lemonlaw@ameritech.net | Michael J. Hodge (P25146)<br>Scott R. Eldridge (P66452)<br>MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.<br>**Attorneys for Defendant GC Services LP**<br>One Michigan Avenue, Suite 900<br>Lansing, MI  48933<br>(517) 487-2070<br>(517) 374-6304 (Facsimile)<br>email: hodge@millercanfield.com<br>email: eldridge@millercanfield.com |

**DEFENDANT GC SERVICES LIMITED PARTNERSHIP'S ANSWER
TO AMENDED COMPLAINT WITH AFFIRMATIVE AND OTHER DEFENSES**

Defendant, **GC SERVICES LIMITED PARTNERSHIP**, by and through its attorneys, MILLER, CANFIELD, PADDOCK AND STONE, P.L.C., provide answers and affirmative defenses to Plaintiff's Complaint as follows:

## II. PARTIES

1. The Plaintiff is a natural person and consumer, a resident of New Baltimore, Macomb County, Michigan, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

**ANSWER**: In answer to Paragraph 1 of Plaintiff's Complaint, Defendant neither admits nor denies that Plaintiff is a natural person, a resident of New Baltimore, and/or a "consumer" as defined by 15 U.S.C. § 1692a(3), as Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore leaves Plaintiff to her proofs.

2. The defendant is a Foreign Limited Partnership with its resident agent located in Bingham Farms, Oakland County, Michigan.

**ANSWER:** In answer to Paragraph 2 of Plaintiff's Complaint, Defendant admits that it is a limited partnership formed under the laws of Delaware, and that its registered agent is located in Bingham Farms, Michigan. To the extent any other allegation was intended in Paragraph 2, the same is hereby denied as untrue.

3. The defendant is engaged in the collection of debts from consumers using the mail and telephone. The defendants regularly attempt to collect consumer debts alleged to be due another and is a "debt collector" as provided in 15 U.S.C. § 1692a(6).

**ANSWER:** Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

## III. JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. § 1692 *et seq.* The venue is proper in any court of competent jurisdiction under 15 U.S.C. § 1692k(d). The court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts that give rise to any federal law claims under 28 U.S.C. § 1367.

**ANSWER:** To the extent that the allegations contained in Paragraph 4 of Plaintiff's Complaint were intended to assert that this Federal District Court is properly vested with subject

-2-

matter jurisdiction over complaints arising under 15 U.S.C. § 1692 *et seq.*, the same is hereby admitted. Defendant also admits that venue is properly laid with this Court, but denies that proper venue is derived from 16 U.S.C. § 1692k(d). In further answer, Defendant states that by Order dated February 6, 2008 this Court previously remanded all related state law claims back to Michigan state court. Thus, there are no state law claims pending before this Court over which the Court may exercise supplemental jurisdiction. To the extent that any other allegation was intended in Paragraph 4, the same is hereby denied as untrue.

## IV. STATUTORY STRUCTURE
## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692.

**ANSWER:** Defendant admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3).

**ANSWER:** Defendant admits that 15 U.S.C. § 1692a(3) defines "consumer" as any natural person obligated or allegedly obligated to pay any debt.

7. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

**ANSWER:** Defendant admits that 15 U.S.C. § 1692a(5) defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which

the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Defendant, however, neither admits nor denies that the money owed by Plaintiff in this case qualifies as "debt" under 15 U.S.C. § 1692a(5), as Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore leaves Plaintiff to her proofs.

8. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

**ANSWER**: Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

**ANSWER**: Defendant admits the allegation contained in paragraph 9 of Plaintiff's Complaint. To the extent that Paragraph 9 alleges that Defendant violated 15 U.S.C. § 1692e, however, the same is hereby denied as untrue.

10. A debt collector may not violate the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

**ANSWER**: Defendant admits the allegation contained in Paragraph 10 of Plaintiff's Complaint. To the extent that Paragraph 10 alleges that Defendant violated 15 U.S.C. § 1692f, however, the same is hereby denied as untrue.

11. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

**ANSWER**: In answer to Paragraph 11 of Plaintiff's Complaint, it is admitted that 15

-4-

U.S.C. § 1692k provides for the circumstances under which actual damages, statutory damages, reasonable attorney fees as determined by the court and the assessment of costs may be obtained by a consumer against a debt collector. To the extent that Plaintiff intended to allege that she is entitled to such relief, the same is hereby denied as untrue.

12.    The Michigan Collection Practices Act (MCPA), MCLA 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

**ANSWER**:  Defendant admits the allegations in paragraph 12. By way of further response, however, Defendant states that by Order dated February 6, 2008, this Court remanded all related state law claims back to Michigan state court. Thus, there are no state law claims pending before this Court.

13.    A "Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. MCLA 445.251(1)(b)[sic].

**ANSWER**: Defendant admits that MCL 445.251(b) defines "collection agency" in part as "a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement." Defendant denies, however, that Paragraph 13 is a complete and accurate reproduction of MCL 445.251(b) defining "collection agency."

By way of further response, however, Defendant states that by Order dated February 6, 2008, this Court remanded all related state law claims back to Michigan state court. Thus, there are no state law claims pending before this Court.

-5-

14. A "Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt. MCLA 445.251(1)(d)[sic].

**ANSWER**: Defendant admits that MCL 445.251(d) defines "consumer" or "debtor" as a natural person obligated or allegedly obligated to pay a debt.

By way of further response, however, Defendant states that by Order dated February 6, 2008, this Court remanded all related state law claims back to Michigan state court. Thus, there are no state law claims pending before this Court.

15. Prohibited acts by debt collectors or collection agencies under MCLA 445.252 include:

(a) Communicating with a debtor in a misleading or deceptive manner, such as using the stationery of an attorney or credit bureau unless the regulated person is an attorney or is a credit bureau and it is disclosed that it is the collection department of the credit bureau.

(b) Using forms or instruments which simulate the appearance of judicial process.

(d) Using forms that may otherwise induce the belief that they have judicial or official sanction.

(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt.

(f) Misrepresenting in a communication with a debtor 1 or more of the following:

    (i) The legal status of a legal action being taken or threatened.

    (ii) The legal rights of the creditor or debtor.

    (iii) That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property.

(i) Communicating information relating to a debtor's indebtedness to an employer or an employer's agent unless the communication is specifically authorized in writing by the debtor subsequent to the forwarding of the claim for collection, the communication is in response to an inquiry initiated by the debtor's employer or the employer's agent, or the communication is for the purpose of acquiring location information about the debtor.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

(q) Failing to implement a procedure designed to prevent a violation by an employee.

(s) Employing a person required to be licensed under article 9 of Act No. 299 of the Public Acts of 1980, being sections 339.901 to 339.916 of the Michigan Compiled Laws, to collect a claim unless that person is licensed under article 9 of Act No. 299 of the Public Acts of 1980.

(n) [sic] Using a harassing, oppressive or abusive method to collect a debt.

**ANSWER**: Defendant admits that MCL 445.252 prohibits certain acts. In further response, however, Defendant notes that Paragraph 15 is not a true and accurate reproduction of MCL 445.252, and to the extent that Plaintiff alleges that Defendant committed any of the listed acts, the same is hereby denied as untrue.

By way of further response, Defendant states that by Order dated February 6, 2008, this Court remanded all related state law claims back to Michigan state court. Thus, there are no state law claims pending before this Court.

16. Under the Michigan Collection Practices Act, MCLA 445.257 et seq. (1) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for damages or other equitable relief. (2) In an action brought pursuant to subsection (1), if the court finds for the petitioner, recovery shall be in the amount of actual damages or $50.00, whichever is greater. If the court finds that the method, act or practice was a willful violation, the court may assess a civil fine or not less than 3 times the actual damages, or $150.00, whichever is greater, and shall award reasonable attorney's fees and court costs incurred in connection with the action.

**ANSWER**: In answer to Paragraph 16 of Plaintiff's Complaint, it is admitted that MCL 445.257 provides for the circumstances under which actual damages, statutory damages, reasonable attorney fees as determined by the court and the assessment of costs may be obtained by a consumer against a regulated person under MCL 445.251 *et seq.* To the extent that Plaintiff intended to allege that she is entitled to such relief, the same is hereby denied as untrue.

By way of further response, however, Defendant states that by Order dated February 6, 2008, this Court remanded all related state law claims back to Michigan state court. Thus, there

are no state law claims pending before this Court.

## V. FACTUAL ALLEGATIONS

17. Plaintiff was receiving numerous calls from Defendant in regards to the collection of an alleged debt from January, 2008 until February, 2008 from 8:00 a.m. until 9:00 p.m. repeatedly.

**ANSWER:** Defendant does not know what Plaintiff means by "numerous." Given the vagueness of the allegations, Defendant neither admits nor denies the allegations in Paragraph 17 as Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore leaves Plaintiff to her proofs.

18. This debt derives from a personal debt that Plaintiff had with Capital One credit card that she received over a year ago. The original amount of the debt was about $300.00.

**ANSWER:** Defendant neither admits nor denies the allegations in Paragraph 18 because Defendants is without informant sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to her proofs.

19. Plaintiff has repeatedly asked Defendant to stop calling her, however, Defendant continues to call Plaintiff nearly every day.

**ANSWER:** Defendant denies the allegation in Paragraph 19 as untrue.

20. Defendant has threatened Plaintiff with a lawsuit, and to date, no such lawsuit has been filed.

**ANSWER:** Defendant denies as untrue the allegations in Paragraph 20 that Defendant's representatives threatened Plaintiff with a lawsuit.

21. Defendant failed to state in every conversation that they are a debt collector.

**Please see attached Exhibit No. 1.**

**ANSWER:** Defendant denies the allegations in Paragraph 21 as untrue.

22. Defendant told Plaintiff that there is a lawsuit against her, when in fact there is not.

**ANSWER:** Defendant denies the allegations in Paragraph 22 as untrue.

23. Plaintiff has not received anything in writing from Defendant, in violation of the FDCPA.

**ANSWER:** Defendant neither admits nor denies the allegations in Paragraph 23 as Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to her proofs.

24. Defendant has failed to state in every conversation that they are a debt collector, as required by the FDCPA.

**ANSWER**: Defendant denies the allegations in Paragraph 24 as untrue.

25. As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his [sic] attorney fees and costs under the FDCPA and MCPA.

**ANSWER**: Defendant denies as untrue the allegations in paragraph 25. By way of further response, however, Defendant states that by Order dated February 6, 2008, this Court remanded all related state law claims back to Michigan state court. Thus, there are no state law claims pending before this Court.

### VI. CAUSES OF ACTION
### CLAIM AGAINST DEFENDANT UNDER THE FDCPA

26. The defendant has violated the FDCPA, 15 U.S.C. § 1692e(10) by the use of false

representations and deceptive means in pursuing Plaintiff for a debt that was not validated.

**ANSWER:** Defendant denies the allegations in Paragraph 26 as untrue.

27. Defendant has violated the FDCPA, 15 U.S.C. § 1692g by failing to alert Plaintiff as to the 30-day validation notice rights of the Plaintiff in the initial communication and by failing to provide Plaintiff with a written notice within five days after its initial communication.

**ANSWER:** Defendant denies the allegations in Paragraph 27 as untrue.

28. Defendant has violated the FDCPA, 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

**ANSWER:** Defendant denies the allegations in Paragraph 28 as untrue.

29. Defendant has violated the FDCPA, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number.

**ANSWER:** Defendant denies the allegations in Paragraph 29 as untrue.

30. Defendant has violated the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

**ANSWER:** Defendant denies the allegations in Paragraph 30 as untrue.

31. Defendant has violated the FDCPA, 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount or legal status of any debt.

**ANSWER:** Defendant denies the allegations in Paragraph 31 as untrue.

32. Defendant has violated the FDCPA, 15 U.S.C. § 1692e(11) by failing to disclose in the initial communication that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose and the failure to disclose in subsequent communications that the communication is from a debt collector.

**ANSWER:** Defendant denies the allegations in Paragraph 32 as untrue.

34. Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(2) by not providing the

consumer with the name of the creditor to whom the debt is owed.

**ANSWER**:   Defendant denies the allegations in Paragraph 34 as untrue.

35.   Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(3) by failing to provide Plaintiff within five days of the initial communication with a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

**ANSWER**:   Defendant neither admits nor denies the allegations in Paragraph 35 as Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to her proofs.

36.   Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(4) by failing to provide Plaintiff within five days of the initial communication with a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

**ANSWER:**   Defendant neither admits nor denies the allegations in Paragraph 36 as Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to her proofs.

37.   Defendant has violated the FDCPA, 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

**ANSWER**:   Defendant denies the allegations in Paragraph 37 as untrue.

38.   Defendant has violated the FDCPA, 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity.

**ANSWER**:   Defendant denies the allegations in Paragraph 38 as untrue.

39.   Defendant has violated the FDCPA, 15 U.S.C. § 1692d(2) by using language the nature consequence of which is to abuse the hearer.

**ANSWER**:   Defendant denies the allegations in Paragraph 39 as untrue.

40.   As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his [sic] attorney fees and costs under the FDCPA.

**ANSWER:**   Defendant denies the allegations in Paragraph 40 as untrue.

## CLAIM AGAINST DEFENDANT UNDER THE MCPA

## AND THE MICHIGAN OCCUPATIONAL CODE

41.   Defendant has violated MCLA 445.252(a) with the use of false representations and deceptive means in its contact of Plaintiff.

**ANSWER:**   Defendant denies the allegations in Paragraph 41 as untrue. By way of further response, however, Defendant states that by Order dated February 6, 2008, this Court remanded all related state law claims back to Michigan state court. Thus, there are no state law claims pending before this Court.

42.   Defendant has violated MCLA 445.252(n) by using a harassing, oppressive or abusive method to collect on a debt.

**ANSWER**:   Defendant denies the allegations in Paragraph 42 that it violated MCL 445.252(n) as untrue. By way of further response, however, Defendant states that by Order dated February 6, 2008, this Court remanded all related state law claims back to Michigan state court. Thus, there are no state law claims pending before this Court.

43.   Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

**ANSWER:**   Defendant denies the allegations in Paragraph 43 as untrue. By way of further response, however, Defendant states that by Order dated February 6, 2008, this Court

remanded all related state law claims back to Michigan state court. Thus, there are no state law claims pending before this Court.

44. Defendant has violated MCLA 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt.

**ANSWER**: Defendant denies the allegations in Paragraph 44 as untrue. By way of further response, however, Defendant states that by Order dated February 6, 2008, this Court remanded all related state law claims back to Michigan state court. Thus, there are no state law claims pending before this Court.

45. Defendant has violated MCLA 445.252(f)(i) by misrepresenting the legal status of a legal action being taken or threatened.

**ANSWER**: Defendant denies the allegations in Paragraph 45 as untrue. By way of further response, however, Defendant states that by Order dated February 6, 2008, this Court remanded all related state law claims back to Michigan state court. Thus, there are no state law claims pending before this Court.

46. Defendant has violated MCLA 445.252(f)(ii) by misrepresenting the legal rights of the debtor.

**ANSWER**: Defendant denies the allegations in Paragraph 46 as untrue. By way of further response, however, Defendant states that by Order dated February 6, 2008, this Court remanded all related state law claims back to Michigan state court. Thus, there are no state law claims pending before this Court.

47. Defendant has violated MCLA 445.252(g) by communicating with a debtor

-13-

without accurately disclosing the caller's identity.

**ANSWER:** Defendant denies the allegations in Paragraph 47 as untrue. By way of further response, however, Defendant states that by Order dated February 6, 2008, this Court remanded all related state law claims back to Michigan state court. Thus, there are no state law claims pending before this Court.

48. Defendant's foregoing acts in attempting to collect this alleged debt against the Plaintiff constitute violations of the Occupational Code, MCL § 339.915 including but not limited to the following:

- (a) (n) Using a harassing, oppressive or abusive method to collect a debt, including calling the consumer after 9:00 p.m.

- (b) (q) By failing to implement a procedure designed to prevent a violation by an employee.

- (c) (a) By communicating with a debtor in a misleading or deceptive manner.

- (d) (e) By making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt.

- (e) (f)(i) By misrepresenting the legal status of a legal action being taken or threatened.

- (f) (f)(ii) By misrepresenting the legal rights of the debtor.

- (g) (g) By communicating with a debtor without accurately disclosing the caller's identity.

**ANSWER:** Defendant denies as untrue the allegations in Paragraph 48, including subparts (a) through (g). By way of further response, however, Defendant states that by Order dated February 6, 2008, this Court remanded all related state law claims back to Michigan state court. Thus, there are no state law claims pending before this Court.

49. As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also his [sic] attorney fees and costs under the MCPA and the Michigan Occupational Code.

**ANSWER:** Defendant denies the allegations in Paragraph 49 as untrue. By way of

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

further response, however, Defendant states that by Order dated February 6, 2008, this Court remanded all related state law claims back to Michigan state court. Thus, there are no state law claims pending before this Court.

50. Under MCLA 445.257 et seq., Plaintiff is eligible for equitable relief, triple damages and his [sic] attorney fees and costs, and further statutory damages under the act.

**ANSWER:** Defendant denies the allegations in Paragraph 50 as untrue. By way of further response, however, Defendant states that by Order dated February 6, 2008, this Court remanded all related state law claims back to Michigan state court. Thus, there are no state law claims pending before this Court.

51. As a result of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 13 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

**ANSWER:** Defendant neither admits nor denies the allegations in Paragraph 51 as Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore leaves Plaintiff to her proofs.

WHEREFORE, Defendant respectfully requests that the Court:

    A. Dismiss Plaintiff's Complaint, with prejudice;

    B. Enter a Judgment for Defendant and against Plaintiff;

    C. Award Defendant a recovery of its reasonable attorneys' fees and costs incurred in defending this action;

    D. Grant such other relief to Defendant as the Court may deem appropriate.

        MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
        Michael J. Hodge (P25146)

        Scott R. Eldridge (P66452)

        By: s/ Michael J. Hodge
           Michael J. Hodge (P25146)
        Attorneys for Defendant
        One Michigan Avenue, Suite 900
        Lansing, MI 48933
        (517) 487-2070
        email: hodge@millercanfield.com
        email: eldridge@millercanfield.com

DATED: March 17, 2008

## **DEFENDANT'S RELIANCE UPON JURY DEMAND**

NOW COMES Defendant, GC SERVICES LIMITED PARTNERSHIP, by and through their counsel, MILLER, CANFIELD, PADDOCK AND STONE, P.L.C., and hereby states its reliance upon Plaintiff's Jury Demand.

        MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
        Michael J. Hodge (P25146)
        Scott R. Eldridge (P66452)

        By: s/ Michael J. Hodge
           Michael J. Hodge (P25146)
        Attorneys for Defendant
        One Michigan Avenue, Suite 900
        Lansing, MI 48933
        (517) 487-2070
        email: hodge@millercanfield.com
        email: eldridge@millercanfield.com

DATED: March 17, 2008

## **DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES**

NOW COMES Defendant, **GC SERVICES LIMITED PARTNERSHIP**, by and through its counsel, MILLER, CANFIELD, PADDOCK AND STONE, P.L.C., and, in further answer to Plaintiff's Complaint, states that it will rely upon the following Affirmative and Other Defenses, if applicable, based on facts to be determined through appropriate discovery:

    1.    Plaintiff has failed to join in the Complaint every claim arising out of the transaction or occurrence that is the subject matter of this action.

2. Plaintiff has failed to state one or more claims upon which relief can be granted.

3. All or some of Plaintiff's claims are barred by the applicable statutes or other periods of limitation.

4. Plaintiff has failed to identify or plead facts which would entitle her to liquidated damages.

5. Plaintiff is not entitled to recover punitive damages as a matter of fact and/or law.

6. Plaintiff has failed to identify or plead facts which would entitle her to actual damages.

7. Plaintiff's claims are subject to dismissal upon a motion for summary judgment.

8. Any violation of 15 U.S.C. § 1692, *et seq.* by Defendant, if proven, was the result of a bona fide error as described in 15 U.S.C. § 1692k(c).

9. Plaintiff's state law claims are barred in whole or in part for lack of subject matter jurisdiction.

10. Plaintiff's claims against GC Services are barred in whole or in part because they are subject to mandatory arbitration pursuant to a valid agreement.

Defendant reserves the right to amend its Answer to add additional or other Affirmative Defenses or to delete or withdraw Affirmative Defenses as may become necessary after reasonable opportunity for appropriate discovery.

> MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
> Michael J. Hodge (P25146)
> Scott R. Eldridge (P66452)
>
>
> By: s/ Michael J. Hodge
>     Michael J. Hodge (P25146)
> Attorneys for Defendant
> One Michigan Avenue, Suite 900
> Lansing, MI  48933
> (517) 487-2070
> email: hodge@millercanfield.com

        email: eldridge@millercanfield.com

DATED: March 17, 2008

## CERTIFICATE OF SERVICE

  I hereby certify that on March 17, 2008, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of said filing to: Brian P. Parker.

        MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
        Michael J. Hodge (P25146)
        Scott R. Eldridge (P66452)


        By: s/Michael J. Hodge
          Michael J. Hodge (P25146)
        Attorneys for Defendant
        One Michigan Avenue, Suite 900
        Lansing, MI  48933
        (517) 487-2070
        email: hodge@millercanfield.com
        email: eldridge@millercanfield.com

DATED: March 17, 2008

LALIB:158242.1\031578-00039